J. J. HUGHES, Appellee, v. C. B. CAMPBELL et al., Appellants.

**CONTRACTS:** Modification—Contemporaneous Writing. An absolute promise in a promissory note to pay on or before a named time cannot be deemed qualified and limited by a contemporaneous written contract which reaches no further than a promise by the maker to exercise certain economies in his business and thereby possibly effect payment before the stipulated time.

Headnote 1: 8 C. J. pp. 197, 741; 13 C. J. p. 529; 14 C. J. p. 684.

*Appeal from Union District Court.*—A. R. MAXWELL, Judge.

FEBRUARY 8, 1927.

Action at law upon three promissory notes. Two of these are for $500 each, and one for $1,000. The petition declares upon them in three counts. The defense was that the notes in suit constitute only a part of the contract, and that they were executed pursuant to a written contract signed by the plaintiffs and defendants and others. This contract is pleaded as the basis of the defense. Judgment was entered for the full amount of the notes, and the defendants appeal.—*Affirmed.*

*Kenneth H. Davenport,* for appellants.

*Higbee & McEniry,* for appellee.

EVANS, C. J.—The notes in suit all bear date of March 20, 1922. When they were given, a contract was in contemplation, which was not actually executed until April 18, 1922. It is the contention of the defendants that the subsequent contract qualified their liability upon the notes, and that it created a trust and a trustee for the collection of the notes, and that it rendered the notes payable from a specified source, and not otherwise; in short, that neither the plaintiff nor his assignors, who are payees of their respective notes, are entitled to maintain an action thereon. The contract thus relied on was as follows:

"EXHIBIT 'A'

"Memorandum of Agreement.

"This article of agreement entered into this 18th day of April, 1922, by and between Mr. C. B. Campbell and O. M. Woodward, of Creston, Iowa, parties of the first part and Mr. C. S. Rex, D. Davenport, M. D. Smith, H. L. Tramp, Adam Begg, Scott Skinner, J. W. Reynolds, O. S. Barber, of same place and M. J. Wade of Iowa City, Iowa, N. W. Reed of Ottumwa, Iowa, and J. J. Hughes of Des Moines, Iowa, parties of the second part, witnesseth—that the parties of the first part being now stockholders in the C. B. Campbell Company of Creston, Iowa, the same being a corporation organized and operating under the laws of the state of Iowa and desiring to buy the stock belonging and now held by the said second parties of the said C. B. Campbell Company and the said second parties desiring to sell their stock in the above mentioned company to the said first parties, it is therefore hereby agreed by and between the parties of the first part and the parties of the second part that as soon as possible the dividend declared by the C. B. Campbell Company and payable on or before February 15, 1922, be paid to the stockholders of record as of that date and that the said parties of the first part Mr. C. B. Campbell and Mr. O. M. Woodward purchase the stock held in the C. B. Campbell Company from the parties of the second part at its par value and in the amounts of each individual's holdings which are as follows, C. B. Rex 15 shares of the par value of $1,500.00, M. D. Smith

10 shares of the par value of $1,000.00, D. Davenport 10 shares of the par value of $1,000.00, H. L. Tramp 15 shares of the par value of $1,500.00, Adam Begg 18 shares of the par value of $1,800.00, Scott Skinner 10 shares of the par value of $1,000.00, J. W. Reynolds 15 shares of the par value of $1,500.00, O. S. Barber 15 shares of the par value of $1,500.00, M. J. Wade 5 shares of the .par value of $500.00, N. F. Reed 10 shares of the par value of $1,000.00, J. J. Hughes 5 shares of the par value of $500.00 and that the said first parties give in payment for the same their promissory notes due in one year from date drawing 7% annual interest payable at the First National Bank of Creston, Iowa, in the amounts equalling the par value of each of the holdings of the parties of the second part *and in addition the parties of the first part hereby agree* to deposit with the parties of the second part their certificates of stock held by them in the said company and equalling in par value to their promissory notes above referred to, properly assigned, as a collateral security for their promissory notes given in the purchase of stock from the parties enumerated and referred to as parties of the second part. It is *further agreed to by the parties of the first part* the said C. B. Campbell and the said O. M. Woodward that they will restrict themselves to a salary of not more than $50.00 per week each, while these notes are in effect and unpaid *in order to more quickly enable them to redeem and pay off the said notes* given for the purchase of stock above referred to and both parties to this agreement hereby designate Mr. M. D. Smith, president of the First National Bank of Creston, Iowa, as a trustee to receive all payments from the parties of the first part and to distribute in equal proportion the same to the parties of second part in accordance with each one's holdings.

"Signed this 18th day of April, 1922.

"C. B. Campbell
"O. M. Woodward
"Parties of the first part."
"Signed by above parties of second part."

The one material question presented by the defense is that of the proper construction of the foregoing contract. We have italicized certain portions of it as above set forth, which clearly indicate the construction which should be put upon it, so far as

it relates to the defense presented under it.  The notes sued on are absolute promises to pay on or before *one year*.  The contract made additional provisions which were clearly intended for the benefit of the payees of the notes, and which clearly contemplated an acceleration of payment even before due, by the application of expected profits from the operation of the corporation. It will be noted from the recitals of the contract that the defendants Campbell and Woodward acquired from their co-stockholders all the stock of the corporation.  The notes in suit were a part of those given by these defendants for stock purchased from the respective payees.  The contract pleaded contemplated that the profits of the corporation as a going concern, over and above $50 per week for each of the defendants, should be promptly applied pro rata upon · payment of the promissory notes given by the defendants to the selling stockholders.  Smith was appointed as trustee to receive such profits and distribute the same pro rata.  No profits were ever paid into his hands. Up to the time that the notes fell due, no dollar had been paid upon them.  There is nothing in the contract which restricted the liability of the defendants on the notes, or that qualified the form of such liability.  Furthermore, it appears from the evidence that the corporation ceased to be a going concern even before the notes became due.  All its property was transferred to another, and further business was all transacted in the name of the individual defendants, and not in that of the corporation. The contract appointed a trustee, it is true.  But the *trust* hoped for never came into his extended hands.  He was a trustee without a trust.  We deem the defense wholly without merit.  The plaintiff was clearly entitled to the judgment awarded.

The judgment of the district court is, accordingly, affirmed. —*Affirmed*.

Stevens, Faville, and Vermilion, JJ., concur.